DAVID P. FARQUHAR ET AL. V. LEWIS O. HIBBEN.

FILED JANUARY 2, 1894. No. 5644.

1. **Exemptions.** The testimony sustains the claim of the debtor, that the property levied upon was exempt and not subject to sale upon execution.

2. **An inventory** of all the property of a debtor, who describes his property in general terms as "three barrels of liquor, saloon and fixtures, and cigars, and stock, consisting of bar, liquors, glassware, and mirror, at No. 220 South Thirteenth street, Omaha," is not void. Although informal, the court will look at the substance, and hold it sufficient when it appears that all the property described was found at the place designated.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J.

*Cornish & Robertson,* for plaintiffs in error.

*E. W. Simeral* and *William Simeral, contra.*

MAXWELL, C. J.

On March 11, 1890, defendant in error filed his petition claiming of plaintiffs in error damages in the sum of $350, and for his cause of action alleges that the plaintiff in error Farquhar was, at the time the defendant in error claimed to have been damaged, a constable in and for Douglas county, Nebraska, and that his co-plaintiffs in error were his bondsmen; that on the 24th day of February, 1890, an execution was issued on a judgment obtained in the county court of Douglas county, in favor of Riley & Dillon and against defendant in error, for the sum of $300.92, and was placed in the hands of Constable Farquhar, who on said day levied the same upon three barrels of whiskey belonging to the defendant in error; that on the 7th of March, and before the time of sale of said property under said execution, the defendant in error made out and placed in the

hands of said officer Farquhar an affidavit of exemptions. The petition also alleges that said affidavit contained a list of all the personal property of which the defendant in error was possessed, and that he demanded of said officer that the three barrels of liquor be released as exempt. In addition to the above, the petition contains the following allegation:

"5. Plaintiff further states to the court that said affidavit of exemptions shows, and plaintiff alleges the fact to be, that he, long prior to said levy or the issuing of said execution, (had) given a mortgage for the sum of $2,000 upon all the property set forth in said affidavit; * * * that notwithstanding said property was exempt by law in lieu of a homestead, said constable did, on the 8th day of March, 1890, sell said whiskey under said execution, to the damage of said plaintiff in the sum of $350."

In answering, the defendants Thomas and Brennan adopt the answer of the defendant Farquhar. The defendant Farquhar first denies each and every allegation contained in the petition, except such as is specifically admitted in the answer. It is admitted that Farquhar was a constable, as alleged, and that his co-plaintiffs in error were his bondsmen. It is also admitted that an affidavit was filed with the officer by the defendant in error on the 7th day of March, 1890, but denied that the same gave a list of all the personal property of which the defendant in error was at that time possessed, and that he demanded said three barrels of whiskey as exempt. The answer also contains the following: "Defendant states that on the 4th day of March, 1890, after levy was made as aforesaid, and prior to the sale of said property under said execution, * * * said plaintiff was the owner of seven barrels of whiskey, five thousand cigars (and other personal property described in the answer), * * * which property, except the three barrels of whiskey levied upon by this defendant, was clear and free from all incumbrance and liens, and exceeded in value the sum of one thousand dollars;

that on the 4th day of March, 1890, prior to filing any affidavit with this defendant, and prior to giving any notice whatever to this defendant that he intended to claim his exemptions, said plaintiff fraudulently, for the purpose of cheating and defrauding his creditors, and especially the plaintiffs in execution, and for the purpose of hindering and delaying said plaintiffs in execution in the collection of their judgment, and for the purpose of placing his property subject to levy on execution out of his hands, sold and transferred all of said above described property, except the three barrels of whiskey levied upon as aforesaid, by a chattel mortgage, and in other ways to this defendant unknown, and did not at any time between the time of the levy of the execution, to-wit, the 24th day of February, 1890, and the sale of said property under the same, to-wit, the 8th day of March, 1890, point out, or offer to point out, property other than the three barrels of whiskey levied upon as aforesaid on which the defendant could levy execution; that by reason of the premises the said plaintiff elected to choose, and did choose, said property disposed of as aforesaid as exempt in lieu of the three barrels of whiskey held by this defendant." It is also denied that the property described in the petition was mortgaged prior to the date of the levy.

The reply is a general denial of the new matter.

On the trial of the cause a verdict was rendered in favor of the defendant in error for the sum of $272.90, after which a motion for a new trial was overruled and judgment rendered on the verdict.

The testimony shows that after the levy the debtor filed an inventory of his property with the officer as follows:

"In County Court of Douglas County.

"RILEY & DILLON ⎫
    v.             ⎬
L. O. HIBBEN. ⎭

"Inventory of the whole of the personal property owned

by L. O. Hibben, of Omaha, Douglas county, Nebraska.

3 bbls. of liquor ...................................... $270 00

Necessary wearing apparel.

Saloon and fixtures, and cigars, and stock, consisting of bar, liquors, glassware, and mirror, at No. 220 South 13th street, Omaha.......... 2,000 00

"There is a mortgage upon the entire saloon for $2,-442.80, which covers the entire value thereof, given to Isaac Brown.

"STATE OF NEBRASKA, ⎫ ss.
  DOUGLAS COUNTY.   ⎭

" L. O. Hibben, being first duly sworn, deposes and says that he is a resident of the state of Nebraska, and the head of a family, and that I have neither houses, lands, nor town lots subject to exemption as a homestead under the laws of this state, and that the above inventory contains a true and correct list of all the personal property owned by me.

          "(Signed)               L. O. HIBBEN.

"Subscribed in my presence and sworn to before me, this 7th day of March, 1890.

          " (Signed)                 WM. SIMERAL,
          "[SEAL.]                   *Notary Public.*
          " Filed March 7, 1889.      D. P. FARQUHAR,
                                        *"Constable."*

Thereupon an appraisement was made as follows:

"An inventory and appraisement of the personal property of L. O. Hibben, made this 8th day of March, 1890, by R. M. Patterson, J. E. Van Gilder, and W. C. Van Gilder, three disinterested freeholders, residents of Douglas county, Nebraska, being duly sworn by D. P. Farquhar, constable of said county.

"Assessed value of the property as follows, to-wit:

1 mirror and cupboard...................................$150

Glassware and silverware ............................  60

3 bbls. liquor.......................................... 270

| | |
|---|---|
| 25 bottles liquor .......................................... | $25 |
| 7 pictures........................................................ | 18 |
| 2 small mirrors............................................... | 16 |
| 1 ice box and contents .................................... | 18 |
| 6 demijohns and contents................................ | 20 |
| 6 bottles of wine............................................. | 10 |
| 1,200 cigars..................................................... | 30 |
| Front bar and working board and attachments ........ | 65 |
| Hot water urn................................................. | 5 |
| 1 stove........................................................... | 12 |
| 6 cuspidors .................................................... | 3 |
| 4 chairs ......................................................... | 2 |
| 1 lunch counter and fixtures ............................ | 15 |
| 1 gasoline stove, etc........................................ | 5 |
| 1 ice box and contents .................................... | 10 |
| Bottles, barrels, etc......................................... | 5 |

Total valuation .......................................$739

"(Signed)                    R. M. PATTERSON,
                          " J. E. VAN GILDER,
                          "W. C. VAN GILDER,
                                    "*Appraisers.*"

" STATE OF NEBRASKA, } ss.
   DOUGLAS COUNTY.   }

" I, D. P. Farquhar, constable of said county, do hereby certify that R. M. Patterson, J. E. Van Gilder, and W. C. Van Gilder, three freehold residents of said county, were called by me to assess the value of said property, and appraise the same as above.

"Given under my hand this 8th day of March, 1890.

"――― ―――,
                                    "*Constable.*"

The testimony tends to show that there was a mortgage upon the saloon fixtures and contents for a large amount, and that this mortgage was executed and filed before the levy of the execution, and, in our view, the jury would be

warranted in finding that it was made in good faith to secure a valid debt. It is very evident, also, that the debtor had neither lands, town lots, nor houses, and that he was entitled to the benefit of the exemption of $500 in personal property, to be selected by him in addition to the specific articles exempt.

Technical objections are made to the form of the inventory. It is not a model by any means, but the officer seems to have found and appraised the property, and we must consider the substance more than the form. Taking all the testimony, it is very clear that the property sold by the officer was exempt and that he is liable therefor. There is no material error in the record and the judgment is

AFFIRMED.